# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT TILLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:12-CR-91-PLR-CCS; |
| | ) | 3:15-CV-451-PLR |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pro se Petitioner Robert Tilley has filed a barebones motion to vacate under 28 U.S.C. § 2255 and a motion for a sixty-day extension of time in which to file a memorandum of law in support of his § 2255 motion [Docs. 119, 120].[1] None of the claims offered in the motion to vacate have any factual support. Instead, Petitioner indicates that he "will provide all supporting facts and argument" in the memorandum of law which he proposes to file, if given leave to do so.

A claim which has no supporting allegations of fact is facially insufficient to support a claim for relief under § 2255. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (per curiam) (finding that a claim unsupported by proof or any reference to such proof is legally insufficient to sustain a review). Thus, as it stands now, there are no claims sufficient to warrant

---

[1] Each document is identified by the court file number assigned to it in the underlying criminal case.

§ 2255 relief. *See* Rule 2(b), Rules Governing Section 2255 Proceedings For The United States District Courts (stating that a § 2255 motion "shall specify all the grounds for relief available to the moving party [and] shall state the facts supporting each ground"). A petitioner's "mere promises of forthcoming claims or arguments do not qualify as viable requests for relief under 28 U.S.C. § 2255." *United States v. Redding*, No. 04-80057, 2011 WL 2078954, at *1 (E.D. Mich. May 25, 2011).

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate a sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). If a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (holding that unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect") (applying former Rule 4(b)(1)(A)).[2]

October 3, 2014, Petitioner's judgment of convictions was entered [Docs. 40, 112], and thus, according to the Court's calculations, the one-year time limit for filing a § 2255 motion in Petitioner's case, adding the fourteen days for filing a notice of appeal to that period, would expire, at the latest, on October 19, 2015.[3]

Granting Petitioner's motion to extend the time for filing his memorandum of law would be tantamount, under the circumstances in this case, to extending the one-year statute of

---

[2] In 2009, the time set in former Rule 4(b)(1)(A) was revised from ten (10) days to fourteen (14) days. The fourteen-day time for filing an appeal applied to Petitioner's 2014 judgment of conviction.

[3] Because the Federal Courthouse will be closed Sunday, October 18, 2015, Petitioner's one-year period for purposes of a § 2255 motion will not expire until the next day. Fed. R. Civ. P. 6(a).

limitation in § 2255(f), without requiring Petitioner to show that he is entitled to equitable tolling. Equitable tolling is available in "rare" cases, where a petitioner shows "that he has been pursuing his rights diligently [a]nd . . . that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). While the statute of limitations may be extended where equitable tolling is appropriate, equitable tolling is not appropriate based on a petitioner's mere allegations that a case is complex [Doc. 119 p. 5], that he wishes to have "the opportunity to request and/or receive documents and files related to his § 2255 Motion," or that his time to use the law library is limited by his full-time prison job [Doc. 120 p.3].

Therefore, in light of the above law and analysis, Petitioner's motion for leave to extend time to file a memorandum of law [Doc. 120] is **DENIED.** Petitioner should strive to submit his memorandum of law within the applicable one-year limitation statute or else should consider whether there is any basis for equitable tolling in connection with any untimely memorandum of law he chooses to file in this case.

    **SO ORDERED**.

                                               _____
                                               UNITED STATES DISTRICT JUDGE