UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT TILLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:12-CR-91-PLR-CCS; |
| | ) | 3:15-CV-451-PLR |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This pro se federal prisoner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is before the Court on three motions filed by Petitioner. The first one is a Motion for Leave to Expand the Record to include various letters and one affidavit [Docs. 129, 129-1 to 129-20].[1] Petitioner has submitted for inclusion in the record copies of numerous letters to and from his attorneys, a judicial officer, and entities which supervise ethical conduct of lawyers—all of which involve his dissatisfaction with and complaints about his attorneys' representation. Petitioner also offers the affidavit of his former landlady, Reeda E. Lloyd, in which she states that Petitioner rented a house from her, but that he no longer lived in the house after December, 2009 [Doc. 129-19].

Rule 7 of the Rules Governing Section 2255 Proceedings authorizes the Court to expand the record, in relevant part, as follows:

---

[1] Each document is identified by the court file number assigned to it in the underlying criminal case.

(a)    **In General**. If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.

(b)    **Types of Materials**. The materials that may be required include letters predating the filing of the motion . . ..   Affidavits may also be submitted and considered as part of the record.

(c)    **Review by the Opposing Party**. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

A district court has the discretion to require expansion of the record with additional and appropriate materials for motions not dismissed on the pleadings*, Blackledge v. Allison*, 431 U.S. 63, 82 n.25 (1977), "depending on the nature of the allegations" when doing so "may avoid the necessity of an expensive and time-consuming evidentiary hearing." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970.)

The Court does not see the relevance of the materials sought to be added, i.e., correspondence regarding Petitioner's discontent with his attorney or his landlady's affidavit regarding the time Petitioner rented her house, to the types of ineffective assistance claims asserted in this § 2255 motion.

Accordingly, Petitioner's motion to expand the record is **DENIED** [Doc. 129].

Petitioner's next submission is a Motion for Leave to Submit Affidavit, "in furtherance of his claims in his Motion under 28 U.S.C. § 2255" [Doc. 139]. No affidavit is attached to the motion. However, two affidavits are attached to Petitioner's last motion seeking: (1) a default judgment against the government or, (2) if the motion for a default judgment fails, an extension of time to reply to the response to his § 2255 motion [Doc. 140 pp.1, 8-10].

Petitioner's Motion for Leave to Submit Affidavit is **DENIED** [Doc. 139], absent any proffered affidavit. However, if appropriate, the Court will consider the affidavits appended to his last motion [Doc. 139].

The third motion, as noted, is a Motion for Default Judgment, in which Petitioner argues that the government's response was untimely, despite the Court's granting it several extensions of time to file the response [Doc. 140].[2] Petitioner alternatively asks for additional time to file his reply, should the Court deny the Motion for Default Judgment [*Id.*].

The Rules Governing Section 2255 Cases control motions to vacate under 28 U.S.C. § 2255 and they do not provide for defaults or default judgments. A default judgment is a sanction and sanctions should be proportionate to the wrong. *Bleitner v. Welborn*, 15 F.3d 652, 753 (7th Cir. 1994). To grant Petitioner the relief he is seeking in his motion to vacate (i.e., a finding that he had ineffective assistance of counsel with the consequences attendant to such a finding) would not be proportionate to the government's purported failure to file a timely response. Moreover, default judgments are disfavored in habeas corpus cases. *Id.*; *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970). The part of the Motion which seeks an extension of time to file a reply is **MOOT** because Petitioner has filed his reply [Doc. 141].

Therefore, the Court **DENIES** Petitioner's Motion for a Default Judgment [Doc. 140].

**SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] The government's response was filed before Petitioner sought a default or a judgment by default [Doc. 135].

3