# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **No. 3:12-cr-91** |
| | ) | **Reeves/Shirley** |
| ROBERT TILLEY, | ) | |
| | ) | |
| *Defendant.* | ) | |

## Memorandum Opinion and Order

Before the Court is Robert Tilley's motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. [D. 147]. He asks the Court to lower his sentence from 200 months to 141. The Government agrees that Tilley is eligible for a sentence reduction, and it defers to the Court to decide whether to grant the motion and how much to reduce his sentence.

Walker's sentence will be reduced to 148 months. In deciding whether a sentence should be reduced, the Court follows a three-step test. First, the Court must determine if the prisoner is eligible for a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If so, then the Court looks to whether a reduction is warranted. *Id.* If a reduction is warranted, the Court then turns to how much to reduce the sentence. *See id.*

Tilley is eligible for a sentence reduction. If a prisoner is sentenced under a guideline that is later amended, then he can have his sentence recalculated if the amendment is made retroactive. Tilley was sentenced on October 1, 2014. Amendment 782 took effect one month later. *United States v. Taylor*, 815 F.3d 248, 249 (6th Cir. 2016). Amendment 782 was made retroactive by Amendment 788. *Id.* So Amendment 782 applies to Tilley's sentence if it applies to his offenses.

It does. Amendment 782 lowered the drug-crime offense levels by two points. Tilley pleaded guilty to two drug counts: conspiracy to distribute at least 500 grams of methamphetamine, and possessing at least 50 grams of methamphetamine with intent to distribute. This set Tilley's base

offense level at 38. Amendment 782 lowered the base offense level to 36. The Amendment therefore lowered his base offense level by two points. Tilley is eligible for a sentence reduction. His sentence will be lowered if a reduction is warranted.

It is. This inquiry is guided by any relevant factors set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(2). Tilley notes that he has earned his GED and a forklift operator's license. *Id.* § 3553(a)(2)(B)–(D). He has also earned many certificates, completing over 520 classroom hours. *Id.* Tilley has managed all this while working a full-time job in prison. *Id.* And he has received no behavioral discipline. *Id.* § 3553(a)(2)(A). Tilley is entitled to a sentence reduction. The last issue is how much to reduce his sentence.

A reduction to 148 months is warranted. When Tilley was sentenced, he had a Guidelines range of 188–235 months on the drug crimes and 60 months consecutive on a gun charge, for an effective range of 248–295 months. But Tilley was also subject to a mandatory minimum of 240 months along with the 60 consecutive, for an effective range of 300 months. The Court, however, granted the Government's motion for a downward departure under 18 U.S.C. § 3553(e), freeing Tilley from the mandatory minimum. With a Guidelines bottom of 248 months, Tilley was sentenced to 200 months in prison.

The parties dispute how much to reduce Tilley's sentence from here. Tilley's new Guidelines range is 211–248 months. The Government's motion amounted to a 33.3% reduction on his total sentence, and a 41.6% reduction on his drug mandatory minimum. Tilley asks that the Court apply the 33.3%, total-sentence reduction, bringing his new sentence to 141 months. The Government asks that the Court apply the 41.6% drug-sentence reduction, bringing his new sentence to 148 months.

The Court will apply the 41.6% reduction. The § 3553(e) motion was based solely on the drug charges. Thus, the departure was measured not by his total sentence but by his drug sentence. *See United States v. Cannon*, ___ F. App'x ___, 2017 WL 2198961, at *2 (6th Cir. May 18, 2017) ("Nor does § 1B1.10(b)(2)(A) take into consideration the 'total punishment' imposed when a re-

duced sentence runs consecutively with additional sentences . . . ."). It follows that Tilley's sentence reduction must be measured by his drug sentence. Tilley's motion for a sentence reduction is **GRANTED**. His sentence is **reduced to 148 months**. All other aspects of his sentence remain the same. Tilley's pro se motion for relief under 18 U.S.C. § 3582(c)(2) is **DENIED as moot**.

    **IT IS SO ORDERED.**

 

**UNITED STATES DISTRICT JUDGE**